IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| IN RE | BANKRUPTCY NO.  17-25931-NVA |
| EUGENIA MAUDE STARGHILL<br>    DEBTOR(S) | CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF PLAN

Wells Fargo Bank, N.A. as successor by Merger to Wachovia Bank, N.A., a secured creditor, by its undersigned attorney, files this Objection to Confirmation of Plan and states:

1.      That Wells Fargo Bank, N.A. as successor by Merger to Wachovia Bank, N.A. (hereinafter "Wells Fargo" is the holder of a note secured by a Deed of Trust/Mortgage on the property known as 5325 Bosworth Avenue, Baltimore, MD 21207 which is owned by the Debtor(s).

2.      On June 21, 2018 the Debtor filed an Amended Chapter 13 Plan that included $89,000.00 in pre-petition arrears on the property.

3.      On April 6, 2018 an Order Granting Relief from Stay (Docket no. 37) was entered by this Honorable United States Bankruptcy Court in conjunction with Wells Fargo's Motion for Relief from Stay (Docket no. 18).  As relief from the automatic stay has been granted, the property is no longer part of the bankruptcy estate and should not be subject to any confirmed chapter 13 plan.

4.      On June 21, 2018 the Debtor filed an Amended Chapter 13 Plan (Docket no. 58) that modifies Wells Fargo's secured claim to a value of $89,000.00 and the interest rate to a fixed 3.25% and bifurcates the claim into a secured claim and an unsecured claim.

5.      That this Honorable United States Bankruptcy Court, in its ruling in *In Re Obeid*, *2008 Bankr Lexis 3395 (2008)*, held that a lien, secured in the Debtor's principal residence, cannot be bifurcated into a secure and unsecured claim as 11 U.S.C. section 1322(b)(2) provides an exception to the deter-

mination of secured status provided for in 11 U.S.C. section 506(a)(1). This Honorable United States Bankruptcy Court, in the aforementioned case, made reference to the case of *In re Nobleman, 508 U.S. 324, 332 (1992)*, in which the United States Supreme Court dealt with this same issue and held that:

> "To give effect to 506(a)'s valuation and bifurcation of secured claims through a Chapter 13 plan in the manner petitioners propose would require a modification of the rights of the holder of the security interest. Section 1322(b) (2) prohibits such a modification where, as here, the lender's claim is secured only by a lien on the debtor's principal residence."

The United Supreme Court noted that the modification which is prevented by 1322 (b) (2) "focuses on the modification of the rights the holder of such claims…holder of a claim secured by a lien on petitioner's home." *See id. at 328.* In addition to the Nobleman decision, this Honorable United States Bankruptcy Court referenced several other cases that have dealt with this issue in its decision in the *In re Obeid* case. One such case was *In re Pond, 252 F.3d 122 (CA2 2001)*, in which the Second Circuit took the position that the anti-modification exception applied only where a creditor's claim is wholly unsecured pursuant 11 U.S.C. 1322(b) and that a partially secured claim cannot be modified. As stated in paragraph no. 1, Wells Fargo's lien is a secured claim and is secured by the Debtor's principal residence. Pursuant to 11 U.S.C. 1322(b) Wells Fargo's lien/claim cannot be modified into a secured and unsecured claim as it is a lien that is secured in the Debtor's principal residence Therefore, the Amended Chapter 13 Plan cannot be confirmed.

WHEREFORE, Wells Fargo requests this Honorable Court deny confirmation of the Amended Chapter 13 Plan as filed by the Debtor(s).

Case: 75527-1

/s/ _____

Brian McNair
Bar Number 25270
Alba Law Group, P.A.
11350 McCormick Road
Executive Plaza I, Suite 302
Hunt Valley, MD 21031
(443) 541-8600
Attorney for Creditor

Case: 75527-1

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the Objection to Confirmation of Plan was uploaded through the Court's ECF System at the e-mail address register with the court on, this 18th day of October, 2018 to:

Reuben Ernest Lawson, Jr.
3301 Liberty Heights Avenue
Baltimore, MD 21215
lawsonlaw2@yahoo.com

Robert S. Thomas, II
300 E. Joppa Road
Suite 409
Towson, MD 21286
ECF@ch13balt.com

/s/ _____

Brian McNair
bankruptcy@albalawgroup.com

Case: 75527-1